UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NANCY LARA-GRIMALDI, Individually and as
Administratrix of the Estate of ALEXANDRA
GRIMALDI, Deceased,

                               Plaintiff,

               - against -

17-CV-622 (KMK)

COUNTY OF PUTNAM, et al.,

                              Defendants.

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016

By:_____
    David B. Rankin
    Regina Powers

*Attorneys for Plaintiff Nancy Lara-Grimaldi,*
*Individually and as Administratrix of the*
*Estate of Alexandra Grimaldi, Deceased*

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

Alexandra Grimaldi died on May 13, 2016 after her family made the decision to remove her life support following her attempted suicide at the Putnam County Correctional Facility. A probation violation after a visit with her father resulted in Ms. Grimaldi's stay at the jail. She suffered from heroin addiction and bipolar disorder and had attempted suicide before. Shortly after arriving, she informed Correction Officer ("CO") Steven Napolitano that she had used two bundles, or twenty bags, of heroin the day before. Predictably, acute opiate withdrawal consumed her the next day, and in despair, she cried for help. None came, and Ms. Grimaldi then hung herself.

Her mother, Nancy Lara-Grimaldi, brought this federal civil rights action to seek redress. Ms. Lara-Grimaldi ("Plaintiff") brought claims against the County of Putnam, as well as several correction officers ("Individual Defendants") of the Putnam County Correctional Facility. Against the Individual Defendants, she brought a federal claim under 42 U.S.C. § 1983 for deliberate indifference to her Fourteenth Amendment rights. Against Putnam County, Plaintiff brought *Monell* claims. She also brought several state law claims against all defendants—wrongful death, violations of the New York State Constitution, and negligence—and a state law *respondeat superior* claim against Putnam County. Defendant CO Michelle Nigro filed a motion for summary judgment, as did Defendants Sergeant Karen Jackson, Sergeant William Spinelli, CO Steven Napolitano, CO Jennifer Wilkinson, CO Keith Puhekker, and CO John Cassidy.

In an opinion dated March 29, 2021 ("Summary Judgment Opinion"), the Court granted summary judgment on the Section 1983 deliberate indifference claim. As the parties agreed to

2

bifurcate the *Monell* claim and postpone expert discovery on it, (Dkt No. 114), the Court declined to rule on state law claims, as a ruling "on whether to decline supplemental jurisdiction over Plaintiff's state law claims may hinge on whether her *Monell* claims should be tried." (Dkt. No. 140 at 34).

Plaintiff now moves for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Individual Defendants and against Plaintiff on the Section 1983 deliberate indifference claim. If Plaintiff proceeds to trial against Putnam County on her *Monell* claim, and final judgment is entered, Plaintiff would then be able to appeal the judgment in favor of Individual Defendants on the Section 1983 deliberate indifference claim. If Plaintiff prevails on her appeal, a second trial would occur against Individual Defendants to determine punitive damages, if any.

## ARGUMENT

Given the procedural posture of the present action, Rule 54(b) provides an appropriate remedy to ensure efficiency:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). That is, a district court may direct entry of final judgment on a claim if: (1) there are multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of at least one party have been finally determined; and (3) the court determines there is no just reason for delay. *See Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'lIns. Co.*, 769 F.3d 135, 140 (2d Cir. 2014). The first two requirements are objective and address whether Rule 54(b) applies to the circumstances of a particular case. *See Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085,

3

1091 (2d Cir. 1992). The third factor "is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Id*. at 1092 (quotations omitted). Plaintiff's request for entry of final judgment as to her Section 1983 claims against Individual Defendants meets all three of these requirements.

While 28 U.S.C. § 1291 generally prohibits a party from appealing the decision of a district court to grant a party summary judgment where additional claims remain to be litigated, Rule 54(b) "allows for the entry of a partial final judgment and thereby permits immediate appeal to avoid injustice." *Geneva Pharms. Tech. Corp. v. Barr Labs., Inc.*, 386 F.3d 485, 495 (2d Cir. 2004). The first element of the Rule 54(b) test—multiple claims or multiple parties—is met in this case. Plaintiff has claims against multiple claims against several individuals, as well as a county. The second element is also met because the dismissal of Plaintiff's Section 1983 deliberate indifference claim was finally decided by the Court. A judgment is final for the purposes of Rule 54(b) if it is an ultimate disposition on a cognizable claim for relief. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). As discussed below, there is no dispute regarding the availability of 54(b) judgment, and concerns of judicial economy and fairness militate in favor of it. Accordingly, the motion should be granted.

I. **ENTRY OF RULE 54(B) JUDGMENT SERVES THE INTEREST OF SOUND JUDICIAL ADMINISTRATION.**

The relationship between Plaintiff's adjudicated and un-adjudicated claims warrants Rule 54(b) entry of judgment. Following the Court's Summary Judgment Opinion, Plaintiff's *Monell* claim against Putnam County remains. (Dkt. No. 140 at 34). The Court refrained from ruling on Plaintiff's state law claims, as it indicated it may choose not to exercise supplemental jurisdiction over these claims should the *Monell* claim not proceed to trial. *Id*. at 34–35. Given that the *Monell*

and individual claims were bifurcated, this action is well-positioned for entry of judgment under Rule 54(b), as entry of judgment on Section 1983 claims against Individual Defendants promotes judicial efficiency, whereas failure to certify the issue for appeal delays litigation.

As stated, entry of judgment under Rule 54(b) is discretionary. "The exercise of this discretion is guided by considerations such as the institutional efficiency of the district and appellate courts." *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013). The Supreme Court in *Curtiss-Wright Corp. v. General Electric Co*. clarified the importance of sound judicial administration in determining whether to enter judgment under Rule 54(b). 446 U.S. 1, 10, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980). Prior to that decision, courts often examined the hardship to parties, and while courts can consider hardship and injustice, the "Supreme Court cautions [courts] to review the sufficiency of these factors within the broad scope of the district court's discretion to see if certification is in 'the interest of sound judicial administration.'" *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 419 (2d Cir. 1989) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 10).

While many actions could qualify for Rule 54(b) certification, it is a discretionary tool, as its use may pose significant burdens on the Court's administration of the case, and all parties' resources. As a stark example, an appeal following Rule 54(b) judgment would cause significant delay when a case is ready for trial with completed discovery and all dispositive motions decided. Indeed, when only a trial remains, courts would be hard-pressed to certify an issue for appeal, rather than allow the trial to occur and final judgment rendered in the ordinary course. *See, e.g.*, *L-7 Designs, Inc.* at 318 (declining to enter judgment under Rule 54(b) because "discovery was completed long ago" with Defendant's dispositive motion decided, and the court had set a trial date with the parties estimating it will "take only one week or so").

Here, entering judgment under Rule 54(b) has the opposite effect—regardless of whether Plaintiff prevails or loses upon appeal, Rule 54(b) entry of judgment promotes efficient adjudication for both the courts and the parties. Where things currently stand, there are several possible outcomes. At the present, Plaintiff's state law claims remain stuck—ready for trial, but waiting on the outcome of the *Monell* claim.

Plaintiff's argument for sound judicial administration does not rely on a favorable outcome to her. As the Court indicated, in the event the *Monell* claim does not proceed to trial and is instead dismissed, only the state law claims would remain. Then, however, the Court could decline supplemental jurisdiction over these trial-ready claims, as the Summary Judgment Opinion indicated could be appropriate here. (Dkt. 140 at 34–36). Only then would Plaintiff be able to appeal the dismissal of her Section 1983 claims against Individual Defendants, as she would at that point have obtained a final judgment. *See* Fed. R. Civ. P. 58(b); Fed. R. App. P. 4(a). Plaintiff would also be litigating her state law claims in state court. Defendants would then have to defend from Plaintiff's state law claims in state court, while also defending the Court's judgment upon appeal of Section 1983 claims against them. As "just and speedy resolution of the entire case is impracticable," Rule 54(b) judgment is appropriate. *Rojac Co. v. United States Fid. & Guar. Co.*, 93 Civ 2654 (VLB), 1994 U.S. Dist. LEXIS 5827, at *7 (S.D.N.Y. May 3, 1994).

On the other hand, if Plaintiff's *Monell* claim proceeds to trial, along with state law claims, sound judicial administration will falter. Currently, the parties are engaging in *Monell* discovery with depositions not to occur until October 2021. Should Plaintiff's *Monell* claims and state law claims proceed to trial and if Defendants are found liable, a jury will assess compensatory damages and render a verdict. At that point, there will be a final judgment. Fed. R. Civ. P. 58(b)(1)(A). Then, Plaintiff may appeal the dismissal of her Section 1983 claims against

Individual Defendants. While trial on state law claims may produce a finding of liability and compensatory damages, Section 1983 allows punitive damages. *Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983) (holding punitive damages may be imposed against state and local officials who act with malice or callous indifference). Accordingly, Plaintiff would seek a second trial to determine punitive damages if successful upon appeal. Two separate trials would certainly thwart interest in sound judicial administration. This rings especially true given the effect of the COVID-19 pandemic on jury trials now and in the future.

**II.     AS THERE IS NO JUST REASON FOR DELAY, RULE 54(B) JUDGMENT IS APPROPRIATE.**

As sound judicial administration would result from entry of judgment under Rule 54(b), the remaining consideration is whether there is no just reason for delay. Fed. Civ. P. 54(b). None exists. Indeed, Rule 54(b) judgment "avoid[s] the potential injustice of a delayed appeal." *See L.B. Foster Co.*, 138 F.3d at 86 (citing *Curtiss-Wright Co.*, 446 U.S. at 8). The parties bifurcated Plaintiff's *Monell* and individual claims, and thus, still needs to engage in *Monell* discovery. *See* (Dkt. No. 141 at 1) (providing that Putnam County will respond to discovery demands in June of 2021, and expert depositions will occur in October of 2021). In other words, litigation of the *Monell* claims has only just begun. While Plaintiff seeks to hold Putnam County liable for its unlawful policies, practices, and failures to train that caused the death of her daughter, Plaintiff seeks redress for the unlawful conduct of Individual Defendants.

The injustice of delay is especially pertinent when the "opinion addresses a question of law that is not free from doubt." *National Union Fire Ins. Co. v. AARPO Inc.*, 1999 U.S. Dist. LEXIS 181, *15 (S.D.N.Y. Jan. 14, 1999). Here, while the Court found Individual Defendants "knew or should have known that Grimaldi was at risk of withdrawal," the Court assessed how

courts outside of this District and outside of the Second Circuit viewed this consideration. (Dkt. 140 at 30–31). The Court then agreed with another district's finding that "increased risk of suicide due to . . . drug withdrawal cannot support a deliberate indifference claim," as withdrawal does "not demonstrate a strong likelihood of particular vulnerability to suicide." *Id*. at 31 (quoting *Ferencz v. Medlock*, No. 11-CV-1130, 2014 WL 3339639 at *4 (W.D. Pa. July 8, 2014). As the Court acknowledged, "at least one circuit" has answered this question of law. *Id*. Plaintiff's daughter, Alexandra Grimaldi, hung herself in a state of despair from heroin withdrawal. Given the procedural posture of her case, as detailed above, leaving this question unreviewable until the entry of final judgment creates injustice. Allowing entry of judgment, however, is beneficial. "If the Second Circuit reverses this Court's decision," the Section 1983 deliberate indifference claims may be tried with the rest of Plaintiffs' claims—those under state law and the *Monell* claim. *Hayward v. IBI Armored Servs.*, No. 17-CV-02944, 2019 U.S. Dist. LEXIS 99494, at *9 (E.D.N.Y. June 13, 2019). "On the other hand, if the Second Circuit affirms its decision," the issue of increased risk of suicide due to drug withdrawal leading to deliberate indifference and would be resolved. *Id*. Because of the benefit of either outcome, Rule 54(b) judgment is appropriate. *Id*.

Plaintiff notes the benefits of a Rule 54(b) entry of judgment for sound judicial administration and for her ability to efficiently litigate her own claims, but also notes that Rule 54(b) entry of judgment also promotes efficiency for Defendants. Delaying entry of final judgment on the Section 1983 claims against Individual Defendants unnecessarily prolongs litigation. As detailed in Section I, Individual Defendants may face multiple trials, or may later need to defend against Plaintiff's claims in state court, while also defending the judgment upon appeal of the Section 1983 claim. As Individual Defendants currently await the progression of

*Monell* discovery, Rule 54(b) judgment would not cause further delay; instead it streamlines Plaintiff's claims. As Rule 54(b) prevents "undue hardship" to all parties that would result from delaying entry of final judgment, the Court should exercise its discretion to enter a Rule 54(b) judgment. *L-7 Designs, Inc.*, 964 F. Supp. 2d at 317 (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir.1997)) ("The exercise of this discretion is guided by considerations such as the institutional efficiency of the district and appellate courts, as well as any "undue hardship" that the parties may have to suffer absent an immediate appeal.")

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) should be granted in all respects, together with such order and further relief as is just and proper.

Dated: New York, New York
       May 17, 2021

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016

By:_____
   David B. Rankin
   Regina Powers
   t: 212-277-5825
   e: drankin@blhny.com

*Attorneys for Plaintiff*
