UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY LARA-GRIMALDI, *individually and as Administratrix of the Estate of Alexandra Grimaldi*,

                Plaintiff,

  -v-

COUNTY OF PUTNAM, *et al.*,

                Defendants.

No. 17-CV-622 (KMK)

OPINION & ORDER

---

Appearances:

David Bruce Rankin, Esq.
Regina Powers, Esq.
Keith Michael Szczepanski, Esq.
Beldock Levine & Hoffman LLP
New York, NY
*Counsel for Plaintiff*

James A. Randazzo, Esq.
Portale Randazzo LLP
White Plains, NY
*Counsel for County Defendants*

Drew William Sumner, Esq.
Sumner Law LLP
White Plains, NY
*Counsel for County Defendants*

Caroline Beth Lineen, Esq.
Lewis R. Silverman, Esq.
Deanna L. Collins, Esq.
Silverman and Associates
White Plains, NY
*Counsel for Defendant Nigro*

KENNETH M. KARAS, United States District Judge:

Plaintiff Nancy Lara-Grimaldi ("Plaintiff"), individually and as Administratrix of the Estate of Alexandra Grimaldi ("Grimaldi"), brings the instant Action against Putnam County Sergeant Karen Jackson ("Jackson"), Correction Officer Steven Napolitano ("Napolitano"), Correction Officer Michelle Nigro ("Nigro"), John and/or Jane Doe Officers, and John and/or Jane Doe Medical Officials ("Does"; collectively, "Individual Defendants"), and the County of Putnam ("Putnam County"; together with all Individual Defendants except Nigro, the "County Defendants"), for the wrongful death of Grimaldi due to her attempted suicide while in pretrial detention at the Putnam County Correctional Facility ("PCCF").  (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 74).)[1]  Plaintiff brought six claims: (1) a federal claim under 42 U.S.C. § 1983 against the Individual Defendants for deliberate indifference to Plaintiff's Fourteenth Amendment rights; (2) a federal claim under 42 U.S.C. § 1983 against Putnam County for *Monell* violations; (3) a state law wrongful death claim against Putnam County and the Individual Defendants; (4) a state constitutional law claim under Article I § 6 against Putnam County and the Individual Defendants; (5) a state law negligence claim against Putnam County and the Individual Defendants; and (6) a state law respondeat superior claim against Putnam

---

[1] Plaintiff's SAC names Putnam County Sheriff Donald Smith ("Smith"), Sergeant William Spinelli ("Spinelli"), Correction Officer John Cassidy ("Cassidy"), Correction Officer Anthony Colello ("Colello"), Correction Officer Trudy Giampaolo ("Giampaolo"), Correction Officer Richard Greagor ("Greagor"), Correction Officer Angela McGoorty ("McGoorty"), Correction Officer Keith Puhekker ("Puhekker"), and Correction Officer Jennifer Wilkinson ("Wilkinson"), but the Court has dismissed Plaintiff's claims against them.  (*See* Op. & Order ("2021 Op.") (Dkt. No. 140); Op. & Order ("2019 Op.") (Dkt. No. 111); (Op. & Order ("2018 Op.") (Dkt. No. 43).)  The SAC also names PCCF Nurse Christopher Stewart, but he died in January 2019, and on September 6, 2019, he was dismissed from this Action.  (*See* Dkt. No. 113.)

County.  (*See generally id.*)[2]  In an Opinion & Order dated March 9, 2021, the Court granted summary judgment on the deliberate indifference claim and deferred judgment on Plaintiff's *Monell* and state law claims.  (*See* 2021 Op. at 36.)  Before the Court is Plaintiff's Motion for Entry of Partial Judgment (the "Motion"), pursuant to Federal Rule of Civil Procedure 54(b), in favor of Individual Defendants and against Plaintiff on the deliberate indifference claim.  (*See* Not. of Mot. (Dkt. No. 144).)   For the reasons that follow, the Motion is denied.

## I.  Background

In total, the Court has issued three prior Opinions in this Action, one on March 29, 2018, (2018 Op.), one on August 1, 2019, (2019 Op.), and one on March 9, 2021, (2021 Op.).  The Court assumes familiarity with the alleged facts of the case, as described in detail in these Opinions.  (*See* 2021 Op. at 3–21; 2019 Op. at 2–3; 2018 Op. at 3–8.)  The Court also assumes familiarity with the procedural history as discussed in these Opinions, (*see* 2021 Op. at 21–22; 2019 Op. at 4; 2018 Op. at 9), and will therefore only recount the procedural history pertinent to the Instant Motion.

On May 17, 2021, Plaintiff filed her Motion for Entry of Judgment and accompanying papers.  (Dkt. Nos. 144, 145.)  On June 14, 2021, the County Defendants and Defendant Nigro filed their Oppositions.  (Dkt. Nos. 146, 147.)  On June 28, 2021, Plaintiff filed her Reply.  (Dkt. No. 148.)

---

[2] In the SAC, Plaintiff also brought a federal claim under 42 U.S.C. § 1983 against Defendants Smith, McGoorty, Greagor, Colello, and Giampaolo, for denial of Plaintiff's right of familial association with Grimaldi.  (*See* SAC ¶¶ 108 –115.)  This claim was dismissed with prejudice in the Court's 2019 Opinion.  (*See* 2019 Op. at 11–12.)

II. Discussion

"Rule 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013) (quoting *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992)). Specifically, Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "As explained by the Second Circuit, 'Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action.'" *Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018)). Here, it is clear, and the Parties do not dispute, (*see* Def. Nigro's Mem. in Opp'n to Pl.'s Mot. ("Def. Nigro's Mem.") at 4 (Dkt. No. 147); County Defs.' Mem. in Opp'n to Pl.'s Mot. ("County Defs.' Mem.") at 2 (Dkt. No. 146)), that the first two elements are clearly satisfied: there are multiple claims and parties, (*see generally* SAC), and Plaintiff's deliberate indifference claim has been finally determined, (*see* 2021 Op. at 36).

"Even when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir.

4

2005). This is because "the mere separability of a claim does not warrant Rule 54(b) certification." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Even when a claim is separable, the just reasons for delay inquiry requires a balancing of judicial administrative interests and the equities involved." *Id.* (citing *I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir. 1984); *see also Danaher Corp. v. The Travelers Indem. Co.*, No. 10-CV-121, 2016 WL 1255739, at *2 (S.D.N.Y. Mar. 30, 2016) ("[N]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." (quoting *S.E.C. v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015))).

"The Second Circuit has cautioned that that Rule 54(b) motions should be granted 'only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . .'" *Timperio*, 2020 WL 9211177, at *2 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* (quoting *Advanced Magnetics*, 106 F.3d at 16). "Importantly, Rule 54(b) is to be invoked 'sparingly,'" *L-7 Designs*, 964 F. Supp. 2d at 317 (quoting *Hogan*, 961 F.2d at 1025)), as "federal policy generally disfavors piecemeal appellate litigation," *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir.1992) (quotation marks omitted); *see also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40–41 (2d Cir. 2003) ("Rule 54(b) . . . should be used only in the infrequent harsh case . . ., i.e., certification should be granted only if

5

there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (italics omitted)).

Here, Plaintiff argues that entry of partial judgment is appropriate to promote judicial efficiency. Specifically, Plaintiff argues, "[g]iven that the *Monell* and individual claims were bifurcated, this action is well-positioned for entry of judgment under Rule 54(b), as entry of judgment on [§] 1983 claims against Individual Defendants promotes judicial efficiency, whereas failure to certify the issue for appeal delays litigation." (Pls.' Mem. of Law in Supp. of Mot. for Entry of Judg. ("Pl.'s Mem.") at 4–5 (Dkt. No. 145).) Plaintiff further argues that entry of partial judgment on the deliberate indifference claim is warranted because the failure do so could result in two separate trials. (*See id.* at 6–7.)

The Court finds Plaintiff's arguments to be unavailing. "[U]nnecessary discovery and trial costs . . . 'are inherent in *every* denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal.'" *Negrete v. Citibank, N.A.*, No. 15-CV-7250, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (quoting *TADCO Const. Grp. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-73, 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (emphasis in original)); *see also FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497, 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) (same). In fact, "the desire to 'to avoid a second trial . . . is one [that the Second Circuit] ha[s] explicitly rejected' as a basis for entry of a partial judgment, 'particularly in cases where the dismissed and surviving claims are closely interrelated.'" *FAT Brands*, 2021 WL 1392849, at *3 (quoting *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006)).

Indeed, Second Circuit has "advised against Rule 54(b) certification 'if the same or closely related issues remain to be litigated,' because the interests of judicial economy are not

6

generally served by 'piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues.'" *Crespo v. Carvajal,* No. 17-CV-6329, 2021 WL 4237002, at *4 (E.D.N.Y. Sept. 14, 2021) (quoting *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011)); *see also NYSA Series Tr. v. Dessein*, 631 F. App'x 54, 56 (2d Cir. 2015) ("[A] 'unified' appeal 'is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.'" (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980)) (alteration in original)); *see also Negrete*, 2017 WL 2963494, at *2 (denying certification because dismissed and remaining claims arose out of the same factual circumstances, even if they implicated different legal questions); *Vaad L'Hafotzas Sichos, Inc. v. Kehot Publ'n Soc'y*, No. 10-CV-4976, 2014 WL 1026592, at *1 (E.D.N.Y. Mar. 17, 2014) (denying certification where there were "common issues" between the plaintiff's counterclaims and issues remaining to the be litigated, and that even if that were not the case, "a Rule 54(b) certification [of the counterclaims] would require two separate panels of the Second Circuit to familiarize themselves with the rather tortured history of the parties' dispute"). This is particularly relevant here, where the deliberate indifference and *Monell* claims are based on the same nexus of facts. (*See* Def. Nigro's Mem. at 4 ("The deliberate indifference claims against the [I]ndividual [D]efendants and the *Monell* claim against the County are closely related as they arise from the same incident and arise out of related events . . . .")).

Moreover, Plaintiff's "desire for finality, while understandable, does not justify granting a Rule 54(b) motion." *Timperio*, 2020 WL 9211177, at *3; *see also Ciccotelli v. Washington Mut., Inc.*, No. 10-CV-16, 2013 WL 12226704, at *2 (D. Vt. Jan. 2, 2013) ("[The defendant] argues that without a final judgment, it and counsel must continue to monitor this litigation

indefinitely while [the plaintiff] and the remaining defendants continue to litigate their claims. . . . [However,] the duty to monitor ongoing litigation applies in every case where a party is dismissed prior to final judgment, and does not give rise to the sort of exceptional circumstances or hardship that would warrant entry of a final judgment." (quotation marks omitted)).

In sum, Plaintiff has not "articulate[d] 'any unusual hardship' or injustice [that] it, or any other party, would endure if required 'to await, in accordance with normal federal practice, the disposition of the entire case before obtaining'" a final judgment. *City of New York v. Milhelm Attea & Bros., Inc.*, No. 06-CV-3620, 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012) (quoting *Hogan*, 961 F.2d at 1025). The Court therefore concludes that "the interrelatedness of the dismissed and surviving claims makes certification of a final judgment in this case inappropriate . . . ." *Maroney v. Vill. of Norwood*, No. 819-CV-1404, 2022 WL 92473, at *5 (N.D.N.Y. Jan. 10, 2022); *see also Crespo*, 2021 WL 4237002, at *6 (finding that the plaintiffs "failed to demonstrate that equitable considerations, including . . . [the] [p]laintiffs' advanced age, illness, or the protracted nature of the litigation . . . warrant[ed] Rule 54(b) certification[,] as the delay caused by having to wait to appeal until after final judgment is entered is inherent in every denial of Rule 54(b) certification."); *Samtani v. Cherukuri*, No. 11-CV-2159, 2013 WL 2181037, at *4 (E.D.N.Y. May 20, 2013) (finding plaintiff did not present an "unusual hardship" or "injustice" in having "to wait for a separate trial to pursue damages"); *TADCO Constr. Grp. Corp.*, 2012 WL 3011735, at *7 (finding that the "prejudice [caused by] having to wait until completion of a trial to pursue his other claim" is a hardship "inherent in *every* denial of Rule 54(b) certification, and hardly rise[s] to the level of hardship[ ] that warrant[s] immediate appeal" (quoting *Hogan*, 961 F.2d at 1025) (alteration in original)); *Doolittle v. Ruffo*, No. 88-

8

CV-1175, 1997 WL 151882, at *1 (N.D.N.Y. Mar. 31, 1997) (concluding that "[t]he ages of some of the defendants, notwithstanding, . . . it would be an abuse of its discretion to enter a final judgment with respect to some of the claims and some of the parties to this action" because judicial administrative interests "weigh[ ] heavily against granting defendants' motion for Rule 54(b) certification"); *Hogan*, 961 F.2d at 1025 (reversing the district court's Rule 54(b) certification because the district court gave no indication that "the case was an exceptional one or that there would be any unusual hardship in requiring [the parties] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review of the dismissal of their claims").[3]

---

[3] The fact that Plaintiff asserts both federal and state law claims does not change this result, because the two sets of claims are factually related. *See Samtani*, 2013 WL 2181037, at *3 (denying Rule 54(b) certification where the plaintiff's "dismissed federal claims and surviving state law claims are closely interrelated such that the interests of sound judicial administration will not be served by entering final judgment on the [federal] claims" and because "further proceedings on the remaining state law claims . . . may reveal facts relevant to the validity of the [federal claims] and/or the propriety of the [c]ourt's dismissal order." (quotation marks omitted); *Uni-Rty Corp. v. Guangdong Bldg., Inc.*, 249 F.R.D. 149, 151–52 (S.D.N.Y. 2008) (finding that Rule 54(b) "certification is not in the interest of sound judicial administration or efficiency, as the remaining state law claims are not factually distinct from the dismissed [federal] claims."); *Bldg. Indus. Fund v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 992 F. Supp. 162, 192 (E.D.N.Y.), *on reconsideration*, 992 F. Supp. 192 (E.D.N.Y. 1996), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) (denying Rule 54(b) certification where "the court is persuaded that all of [the] plaintiffs['] [federal and state] claims in this action are inextricably interrelated, and that they should try the claims that remain in this action before proceeding to the Second Circuit.").

III.  Conclusion

For the foregoing reasons, the Motion is denied.  The Clerk of the Court is respectfully requested to terminate the pending Motion. (Dkt. No. 144.)

SO ORDERED.

DATED: March 11, 2022
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE