UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY LARA-GRIMALDI, *individually and as Administratrix of the Estate of Alexandra Grimaldi*,

                Plaintiff,

  -v-

COUNTY OF PUTNAM, *et al.*,

                Defendants.

No. 17-CV-622 (KMK)

OPINION & ORDER

---

Appearances:

David B. Rankin, Esq.
Regina Powers, Esq.
Keith Michael Szczepanski, Esq.
Beldock Levine & Hoffman LLP
New York, NY
*Counsel for Plaintiff*

James A. Randazzo, Esq.
Portale Randazzo LLP
White Plains, NY
*Counsel for Putnam County*

Drew William Sumner, Esq.
Sumner Law LLP
White Plains, NY
*Counsel for Putnam County*

KENNETH M. KARAS, District Judge:

Plaintiff Nancy Lara-Grimaldi ("Plaintiff"), individually and as Administratrix of the Estate of Alexandra Grimaldi ("Grimaldi"), brings the instant Action against the County of Putnam (the "County" or "Defendant"), for the wrongful death of Grimaldi due to her attempted suicide while in pretrial detention at the Putnam County Correctional Facility ("PCCF"). (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 74).)[1] Plaintiff maintains a federal claim under 42 U.S.C. § 1983 against the County for *Monell* violations. (*See generally id.*) Before the Court is the County's Motion for Summary Judgment (the "Putnam County Motion"). (*See* Not. of Mot. for Summ. J. ("Not. of Putnam County Mot.") (Dkt. No. 156)). For the reasons that follow, the Motion is granted.

## I. Background

A. Factual Background

The Court incorporates by reference the findings of fact in its March 29, 2021 Opinion and Order granting partial summary judgment to Defendants ("First Summary Judgment

---

[1] Plaintiff's SAC names Putnam County Sheriff Donald Smith ("Smith"), Officer Angela McGoorty ("McGoorty"), Correction Officer Richard Greagor ("Greagor"), Correction Officer Anthony Colello ("Colello"), and Correction Officer Trudy Giampaolo ("Giampaolo"), but the Court has dismissed Plaintiff's claims against them. (*See* Op. & Order ("2019 Op.") (Dkt. No. 111).) The SAC also names Christopher Stewart, but he died in January 2019, and on September 6, 2019 was dismissed from this Action. (Dkt. No. 113.)
  Plaintiff's SAC additionally names Sergeant William Spinelli ("Spinelli"), Correction Officer Jennifer Wilkinson ("Wilkinson"), Correction Officer Keith Puhekker ("Puhekker"), and Correction Officer John Cassidy ("Cassidy"); however, Plaintiff has abandoned her claims against these individuals. (*See* First Summ. J. Op. at 24.)
  Plaintiff's SAC also names Sergeant Karen Jackson ("Jackson"), Correction Officer Steven Napolitano ("Napolitano"), and Correction Officer Michelle Nigro ("Nigro") (collectively, the "Individual Defendants"); the Court granted summary judgment on the federal claims against these defendants, but deferred ruling on Plaintiff's state law claims against them until the Court had determined whether Plaintiff's *Monell* claim survived summary judgment and provided a basis for the Court to exercise supplemental jurisdiction over them. (*Id.* at 33–36.)

2

Opinion") and assumes the Parties' familiarity with the facts as recounted there.  (*See* Op. &

Order ("First Summ. J. Op.") at 3–21. (Dkt. No. 140).)[2]

    B.  Procedural Background

In its First Summary Judgment Opinion, the Court granted partial summary judgment to

Defendants on Plaintiff's claims against the Individual Defendants.[3]  (*See* First Summ. J. Op. at

36.)  In that Motion, the Court also deferred ruling on Plaintiff's pendant state law claims until it

had ruled on Plaintiff's *Monell* claim. (*Id.*)

On February 2, 2022, the County submitted a pre-motion letter regarding its motion for

summary judgment.  (*See* Dkt. No. 150.)  Plaintiff responded on February 7, 2022.  (*See* Dkt. No.

151.)  On February 22, 2022, the Court held a pre-motion conference and adopted a briefing

schedule.  (*See* Dkt. (minute entry for February 22, 2022), Dkt. No. 154).  On March 22, 2022,

the County submitted its Motion for Summary Judgment.  (*See* Not. of Putnam County Mot.;

Def's 56.1 Statement (Dkt. No. 159); Mem. of Law in Supp. of County's Mot. ("Def's Mem.")

(Dkt. No. 157); Def's Decl. in Supp. of Mot. (Dkt. No. 158).)  On May 11, 2022, Plaintiff

submitted her Opposition.  (*See* Pl's Mem. of Law in Opp. ("Pl's Mem.") (Dkt. No. 167); Pl's

---

[2]  In their 56.1 Statements, the Parties dispute the existence of and content included in training that the County provided to its personnel for dealing with individuals exhibiting suicidal tendencies or in withdrawal.  (*See* Pl's Resp. to Def's Rule 56.1 Statement ¶¶ 1–24 ("Pl's 56.1") (Dkt. No. 168); Def's Counter-Rule 56.1 Statement ("Def's Counter-Statement") ¶¶ 1–24 (Dkt. No. 171).)  The Court declines to adjudicate these disputes because the Court has determined that none of the disputed facts is material to deciding Plaintiff's *Monell* claim, which fails as a matter of law because Plaintiff has not shown that the Individual Defendants or the County committed a tort against Grimaldi.  *See infra* § I.B.1.

[3]  The Court recites the procedural history as relevant to the instant motion.  The Court has also issued three other Opinions in this Action: one on March 29, 2018, (Dkt. No. 43), one on August 1, 2019, (Dkt. No. 111), and one on March 11, 2022 (Dkt. No. 155). The Court assumes familiarity with the procedural history as discussed in these Opinions.

3

Decl. in Opp. to Mot. (Dkt. No. 166); Pl's 56.1.)  On June 1, 2022, the County submitted its Reply.  (Reply Mem. of Law in Further Supp. of Def's Mot. ("Def's Reply") (Dkt. No. 169).)

I.  Discussion

A.  Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same).  "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland Cnty. Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same).  "It is the movant's burden to show that no genuine factual dispute exists."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and quotation marks omitted).  Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012)

(emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (quotation marks omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). However, a court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.,* 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)).

B. Analysis

1. *Monell* Claim

To establish a municipal liability claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quotation marks omitted) (quoting *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007)). "To satisfy the policy–or–custom requirement, a plaintiff may challenge an express rule or regulation, . . . allege that the challenged practice was so persistent or widespread as to constitute a custom or usage with the force of law[,] or [allege] that the facts imply the constructive acquiescence of senior policy-making officials." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1077 (2d Cir. 2021) (quotation marks omitted) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315 (2d Cir. 2015)).

Generally, "[e]stablishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors [acting in furtherance of the municipality's] custom or policy." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). However, the Second Circuit has also recognized that "constitutional injuries may be found to exist . . . in the absence of individual liability, [where] the injuries complained of are not solely attributable to the actions of named individual defendants." *Barrett v. Orange Cnty. Hum. Rts. Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999); *cf. Askins*, 727 F.3d at 253 (explaining that plaintiff need only "plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality[,]. . . [and] the plaintiff need not sue the individual tortfeasors at all") (citations omitted). In *Barrett*, the Second Circuit determined that a county commission could be liable for

allegedly discriminatory employment decisions, even though individual members were not, because "many of the adverse employment actions. . . were taken by the [c]ommission as a whole." 194 F.3d at 350; *see also Rutigliano v. City of N.Y.*, 326 F. App'x 5, 9 (2d Cir. 2009) (summary order) (noting that the rule in *Barrett* applies "only in very special circumstances . . . . where the combined acts or omissions of several employees acting under a governmental policy or custom . . . violate [a plaintiff's] rights" (quotation marks and citation omitted)).

In her Memorandum of Law, Plaintiff relies on *Barrett* to argue that, even though the Court has dismissed her deliberate indifference claim against the Individual Defendants, the County is still liable because the Individual Defendants' *collective* or *combined* acts and omissions acting under county policy violated Grimaldi's rights. (*See* Pl's Mem. at 10.) The County argues that *Monell* liability is foreclosed because Plaintiff has failed to establish that the officers collectively committed a tort against Grimaldi. (*See* Def's Reply at 2–3.) The Court agrees with the County.

Plaintiff's claim fails because she has provided no evidence that these combined actions establish deliberate indifference on the part of the County. Without citation to the record, Plaintiff asserts that "[c]ollectively, the County employees [Napolitano, Jackson, and Stewart] failed Ms. Grimaldi . . . [by deciding] to place Grimaldi on regular supervision." (Pl's Mem. at 12.)[4] Plaintiff additionally asserts that "[Individual Defendants'] combined acts and omissions led to Ms. Grimaldi's . . . death" before re-hashing the Court's findings of fact concerning the decisions made by PCCF staff leading up to Grimaldi's suicide attempt in its First Summary

---

[4] The sole additional fact that Plaintiff alleges is that Jackson testified that she did not have appropriate training and did not believe that she had authority to place Grimaldi on constant supervision. (*See* Pl's Mem. at 13.) However, Plaintiff does not provide any explanation of how this testimony supports her argument that the County is liable under *Barrett*.

7

Judgment Opinion.  (Pl's Mem. 13–16.)  However, Plaintiff has not brought to the Court's attention any facts that would contravene the Court's holdings in the First Summary Judgment Opinion that, no reasonable jury could "find that [Individual] Defendants should have known of an excessive risk that Grimaldi would attempt suicide" and "no reasonable jury could find that awareness that Grimaldi expected withdrawal symptoms would, without more, indicate a significant risk of suicide to [the Individual Defendants]."  (First Summ. J. Op. at 28, 31.)[5]  Thus, Plaintiff has failed to establish that the County was deliberately indifferent.  *See Hahn v. Horry County,* No. 11-CV-2840, 2012 WL 3096034, at *5 (D.S.C. July 3, 2012) (finding no deliberate indifference due to delay in providing mental health medication to a plaintiff that "reported a suicide attempt many years ago, [but] he repeatedly denied present suicidal ideations" and "appeared to be in no acute distress"), *report and recommendation adopted*, 2012 WL 3096042 (D.S.C. July 30, 2012); *Crowell v. Cowlitz Cty,* , No. 14-CV-5153, 2015 WL 6550729, at *3 (W.D. Wash. Oct. 28, 2015) (finding no deliberate indifference where "[w]hile drug and alcohol withdrawal is cause for concern, . . . [the victim] did not exhibit any symptoms of mental health issues during the time of his incarceration"); *see also* First Summ. J. Op. at 24–33.

      Because Plaintiff has failed to establish that a tort was committed for which the County was responsible, the Court need not analyze Plaintiff's arguments on the remaining elements of

---

[5] Plaintiff also briefly discusses *Garcia v. Salt Lake Cnty.*, 768 F.2d 303 (10th Cir. 1985), which the Second Circuit cited in support of its decision to find that the county could be liable in *Barrett*.  *See* 194 F.3d at 350.  In *Garcia*, the Tenth Circuit found that the defendant county was liable under a theory of deliberate indifference where an intoxicated and unconscious inmate died in its jail several hours after his arrival because of "the cumulative effect of . . . the lack of supervision [by county officers] and lack of medical care [for the prisoner] . . ., which [was] the county's policy." *See* 768 F.2d at 310 n.8 (10th Cir. 1985).  Although not binding on this Court, the Tenth Circuit's decision is inapplicable here because Plaintiff, unlike the appellee in *Garcia*, has not pointed to any evidence in the record that demonstrates that the Individual Defendants' decisions, whether taken collectively or in combination, were deliberately indifferent to Grimaldi's welfare.

the *Monell* claim. *See Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 454 (E.D.N.Y. 2021) (determining that defendant's *Monell* claim need not be evaluated where plaintiff had not proved an underlying tort); *Hirsch v. New York*, 751 F. App'x 111, 116 (2d Cir. 2018) (summary order) ("Because the district court properly found no underlying constitutional violation, its decision to not address the municipal defendants' liability under *Monell* was entirely correct." (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)).

2. State Law Claims

Plaintiff alleges four claims under state law: negligence, wrongful death, respondeat superior, and a violation of Article I § 6 of the New York State Constitution. (*See* SAC ¶¶ 123–38.) In light of the Court's dismissal of Plaintiff's remaining federal claim, the Court declines to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction. . . ."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)); *see also One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) (summary order) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims . . . .").

9

### 3. John and Jane Doe Defendants

Defendants Putnam County Sheriff's Officers John and Jane Does #1–3 and Putnam County Correctional Facility Medical Officials John and Jane Does #1–3 have not appeared in this action since Plaintiff filed her Second Amended Complaint on December 6, 2018. (*See generally* SAC.) Accordingly, because Plaintiff has not amended her Complaint to identify the John and Jane Doe defendants, any claims against the John and Jane Doe Defendants are dismissed without prejudice. *See Williams v. Johnson*, No. 17-CV-2351, 2019 WL 1437820, at *8 (S.D.N.Y. Mar. 31, 2019) (dismissing claims sua sponte against unidentified John Doe defendants when suit was filed nearly two years earlier and plaintiff "ha[d] not amended his complaint to identify the John Doe defendants"); *Tortora v. City of N.Y.*, No. 15-CV-3717, 2019 WL 9100369, at *25 (E.D.N.Y. Mar. 30, 2019) (dismissing claims against John and Jane Doe defendants at summary judgment where plaintiff had not identified the defendants in the three years since the action was commenced), *aff'd*, 804 F. App'x 35 (2d Cir. 2020); *Cox v. Vill. of Pleasantville*, 271 F. Supp. 3d 591, 618 (S.D.N.Y. 2017) ("It is well settled that where a plaintiff has made no attempt to amend its complaint to include the real identities of John Doe Defendants and discovery has closed, the proper course is to dismiss the John Doe Defendants without prejudice.").

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. Plaintiff's federal claims are dismissed, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 156), enter judgment for Defendants, and close this case.

SO ORDERED.

DATED:	December 6, 2022
	White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE